To: Judge Wolf & Judge Woodlock
From: Esther Angelica Arias 06-10305 & 06-10092
Date: 7-23-12
Re: Motion to Vacate Restitution

FILED IN CLERKS OFFICE
2012 JUL 27 A 11:50
U.S. DISTRICT COURT
DISTRICT OF MASS.

On Feb 26, 2008 Judge Woodlock ordered that Def Arias must pay the Restitution for Docket # 06-10092, And on 4-22-08 Judge Wolf did the same by Ordering that the Defendant Arias must immediately pay the Restitution for Docket # 06-10305, such order violates the MVRA Rules. Both Judges Woodlock & Wolf Stated On Record that they were aware that the Defendant is Indigent where Obvious is shown that the Defendant is not able to pay Restitution.

Under the MVRA a Sentencing Court shall specify in the Restitution Order the Manner in Which and the Schedule according to which the Restitution is to be paid 18 USC 3664(F)(2). See US vs Gunning 339 F 3d 9118 (9 cir 2008) where States that Circuit Court found that the district Court Judge Ordered Immediate Payment of Restitution w/ the expectation that the BOP would workout a Payment Schedule w/ Defendant under the Inmate Financial Responsibility Program, the Prisoner sought Habeas Corpus relief Claiming that the Restitution Violates the MVRA. When a District Court Judge failed to Consider whether the Defendant has the ability to pay Restitution Immediately. The Order Immediate payment Constitues an Impermissible delegation to the BOP of the Judges obligations to set a Payment Schedule. The District Judge Must Consider the defendant ability to pay when Ordering Restitution, the Circuit Court Said if He is not able to pay Immediately the Judge Can not Simply Order Immediate payment and leave it to the BOP to figure out

what the actual payment schedule will be, it said for a Restitution Order to be lawful therefore § 3664 Requires that the District Court set a Schedule in Consideration of the Defendant Financial resources" the Court Stressed" Gunning II and US vs Lemoine 546 F3d 1042 84 GL 113 (9th circ 2008) Suggested that an Order of Immediate repayment fails to fullfill the Courts Obligation under the MVRA it pointed out, that is so unless the district Court has determined that immediate payment is possible and that there accordingly will be no Payment schedule the Court Clarifies. See E.g U.S vs Prouty 303 F3d 1249 (11th circ 2002) See US Sawyer 521 F3d 792 (7th Cir 2008) Ward vs Chavez (No 09-17016 9 Circ.)

Therefore this Defendant (Arias) is Requesting to have Restitution for Docket 06-10305 and Docket 06-10092 Vacate, due to order of immediate Repayment Violates 18 USC 3664 (F)(2) and MVRA

Respectfully Submitted by

Esther Angelica Arias
#26211-038